THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
NICHOLAS DEVALLE, Defendant-Appellant.

First District (5th Division)   No. 1—87—1034

Opinion filed March 17, 1989.—Rehearing denied May 8, 1989.

PINCHAM, J., dissenting.

Randolph N. Stone, Public Defender, of Chicago (James N. Perlman, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Carol L. Gaines, and Janet C. Mahoney, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Following a joint bench trial, defendant was found guilty of attempted murder and sentenced to 14 years in prison. On appeal, defendant contends that the trial court erred in considering facts not in evidence and that the State's evidence was flawed.

At the trial there was testimony from Jesus Rodriguez, the victim, defendant and defendant's girlfriend, Annette Muniz. Rodriguez testified that on August 28, 1986, he saw a black Oldsmobile Delta 88 drive

past while he was standing on the corner of California and Hirsh in Chicago. Rodriguez stated that there were four men in the car, and he identified the driver of the car as defendant. He also identified one of the passengers in the back seat as codefendant Arturo Delfi.

After the car drove away, Rodriguez returned to 1437 North California to wait for his mother. Approximately one-half hour later, while standing outside waiting, Rodriguez saw the black Delta 88 driving down California Avenue. The car came to a stop about 25 feet from Rodriguez, whereupon the person in the front passenger's seat made a sign with his hand and shouted "Latin Kings." Rodriguez responded by saying "[f]uck you." At that point, the front-seat passenger took a gun from the glove compartment and fired three or four shots, striking Rodriguez once in the chest. Rodriguez was taken to the Cook County Hospital, where he received treatment.

Annette Muniz testified for the defendant. Muniz stated that she and defendant were dating and that she had known him for about one year. According to Muniz, she and defendant were sleeping at their friend's house when this incident occurred.

Defendant also testified at the trial. He stated that he was no longer a "Latin King" and that he owned a black Delta 88, but he did not have it on the day of the incident. According to defendant, he was arrested on August 23, 1986, for driving without a license. The next morning he discovered his car had been stolen. Defendant, however, did not report the theft to the police. He claimed that he did not make out a police report because he did not have a title to the car. Defendant denied being involved with the murder attempt.

Following the trial, defendant was found guilty as charged. Codefendant was found not guilty.

On appeal, defendant contends that the trial court erred in considering facts not in evidence. Defendant maintains that the trial court's comments that defendant did not surrender and that defendant made certain comments to the police about the shooting were facts not in evidence. Defendant, therefore, claims that he was entitled to a new trial. We disagree.

While it is true that in a bench trial it will be presumed that the trial judge considered only competent evidence (*People v. Robinson* (1964), 30 Ill. 2d 437, 197 N.E.2d 45), this presumption is overcome if it affirmatively appears from the record that the improper evidence was considered by the court. (*People v. Cepolski* (1979), 79 Ill. App. 3d 230, 398 N.E.2d 351; *People v. Grodkiewicz* (1959), 16 Ill. 2d 192, 157 N.E.2d 16.) In this case, we find that it is not affirmatively apparent from the record that the trial court considered incompetent evidence.

Clearly, there was sufficient evidence outside of the court's comments to convict defendant. Moreover, it does not affirmatively appear from the record that the trial court considered improper evidence, especially when defendant was found guilty on January 27, 1987, and the comments in question were made on April 2, 1987. Therefore, for the above reasons, we see no reason to disturb the trial court's judgment.

■■■ Defendant further maintains that his conviction should be reversed because the circumstantial evidence against him was flawed. Defendant argues that the State did not present sufficient evidence to prove him guilty by accountability. Ill. Rev. Stat. 1987, ch. 38, par. 5—2(c).

In *People v. Cawley* (1979), 77 Ill. App. 3d 780, 396 N.E.2d 865, this court held that although a defendant does not directly and personally murder the victim, he could be held accountable for such murder where he solicited, aided, abetted or attempted to aid codefendant in planning the commission of the offense. Moreover, defendant's participation must occur before or during the commission of the offense with concurrent specific intent to promote or facilitate commission of the offense. *People v. Cawley* (1979), 77 Ill. App. 3d 780, 396 N.E.2d 865.

In *People v. Daniels* (1977), 51 Ill. App. 3d 545, 366 N.E.2d 1085, the court found the driver of a getaway car accountable. Also, in *People v. Jones* (1980), 86 Ill. App. 3d 278, 407 N.E.2d 1121, the court stated that when the plan, express or implicit, calls for a person to sit in a car while the crime is being committed and then spirit the others away from the scene, the driver's participation is deemed to occur during the commission of the crime, not after. In addition, proving defendant's specific intent to promote or facilitate the commission of the crime may be inferred from the circumstances surrounding the commission of the act. See *People v. Tate* (1976), 63 Ill. 2d 105, 345 N.E.2d 480.

We note that a criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt as to the defendant's guilt. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) When presented with a challenge to the sufficiency of the evidence, it is not the function of the reviewing court to retry the defendant. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) The relevant inquiry is whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d at 261, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781.

After viewing the evidence in a light most favorable to the prosecution, we see no reason to disturb the judgment of the trial court.

Accordingly, the judgment of the circuit court is affirmed. As part of our judgment, we grant the State's request and assess defendant $50 as costs for this appeal.

Judgment affirmed.

COCCIA, J., concurs.

JUSTICE PINCHAM, dissenting:

I dissent. It clearly and affirmatively appears from the record before us on appeal that in finding the defendant guilty and in overruling the defendant's motion for a new trial, the trial court wrongly relied on and considered highly improper facts and circumstances which were not in evidence. The defendant's conviction and 14 years' imprisonment sentence should therefore be reversed and the cause should be remanded for a new trial. A brief summary of the facts of the case, the trial court's comments and the procedural posture in which the comments were made permit no other valid conclusion.

The defendant was charged with attempted murder. The State's evidence was that in a street gang confrontation and retaliation, the defendant drove his car to a location at which a passenger in the defendant's car fired shots which struck the pedestrian-victim and the defendant drove off. The shooting victim at trial identified the defendant as the driver of the car.

The defendant testified at trial and denied any involvement in the shooting and denied being at the crime scene. He related that at the time the offense was committed he was asleep with his girlfriend, Annette Muniz, in the home of friends, at which he was momentarily residing, some distance from the crime scene. Annette Muniz likewise so testified. The trial court rejected the defendant's defense and found the defendant guilty on January 27, 1987.

The defendant's motion for a new trial was filed on February 27, 1987, and each of its five paragraphs, in varying forms, asserted that the evidence failed to prove the defendant guilty beyond a reasonable doubt. At the hearing of the defendant's motion for a new trial on April 2, 1987, the defendant's attorney reviewed the evidence in detail and vociferously argued that the evidence did not prove the defendant's guilt beyond a reasonable doubt. In responding to the defense attorney's argument that the evidence was insufficient to sustain the trial court's guilty finding, and in denying the motion for a new trial,

6

the trial court stated:

"THE COURT: I'm going to deny your motion, Mr. Stanton. In this case the defendant is connected with the car in question. The car comes around at least two times. The car stops according to the victim here. Gang slogans are thrown back and forth. The victim yells an epitaph. A gun is pulled out of the glove compartment of the car that the defendant is connected with. In fact I think he's shown to be the owner of the car. Shots are fired.

The defendant and occupants flee in that car. The defendant does not stop and aid the victim in any manner, shape and form which is one of the factors that are being taken into consideration for assessing accountability and whether there's sufficient evidence in the record to show intent and accountability.

*The defendant does not surrender. The defendant when he's arrested does not testify, does not state to the police, yes, I was the driver but I never knew that the shooting was going to take place. I never knew that the passenger was going to shoot.* He doesn't get on the witness stand and state the same thing.

\* \* \*

He denies ever being involved in this \*\*\*. So I will deny the post-trial motion." (Emphasis added.)

First, it appears that the trial court was in error when it stated that *"The defendant does not surrender."* The defense attorney promptly corrected the trial court, stating:

"Judge, I just want to correct before I go in mitigation one thing that Your Honor said. You said that Mr. Devalle did not turn himself in but \*\*\* he called the police and they met at an appropriate spot and he did turn himself in."

The trial court responded that the defendant turned himself in to the police "after the word went on the street that the police officers were looking for him." This statement by the trial court is totally unsupported by the record on appeal before us.

Second, the trial court's statements that when the defendant was arrested he did not "state to the police, yes, I was the driver but I never knew that the shooting was going to take place. I never knew that the passenger was going to shoot" are also totally unsupported by the evidence. There is no evidence in the record of what the defendant told the police when he was arrested. The record is completely silent on whether the defendant told the officers anything when he was arrested. It is elementary that "the court erred in considering matters which were not properly in the record," that, "the deliberations of the

trial judge are limited to the record made before him during the course of the trial," and that "[a] determination made by the trial judge based upon *** private knowledge of the court, untested by cross-examination, or any of the rules of evidence constitutes a denial of due process of law." *People v. Wallenberg* (1962), 24 Ill. 2d 350, 353-54; *People v. Yarbrough* (1982), 93 Ill. 2d 421, 428-30; *People v. Harris* (1974), 57 Ill. 2d 228, 231-32.

Third, there can be no rational doubt and it is glaringly clear from the trial court's foregoing comments and the posture of the trial proceedings in which the comments were made that in finding the defendant guilty and in denying his motion for a new trial, the trial court improperly relied on and considered that when the defendant was arrested, he did not tell the police that (1) he was the driver of the car; (2) he did not know that the shooting was going to take place; and (3) he did not know that the passenger was going to shoot.

Fourth, what the defendant refused to tell the officers, just as the defendant's silence upon his arrest, is inadmissible as evidence against the defendant as violative of constitutional due process and his privilege against self-incrimination. *A fortiori*, a trial court's consideration of and reliance on what the defendant refused to tell his arresting officer in finding a defendant guilty and/or in denying a defendant's motion for a new trial, which was not in evidence, violate constitutional due process and the defendant's privilege against self-incrimination. Most assuredly, the trial court's reliance on and consideration of what the defendant did not tell his arresting officer when he was arrested, of which there was no evidence, in finding the defendant guilty and/or in overruling the defendant's motion for a new trial clearly violated constitutional due process, the defendant's privilege against self-incrimination, as well as the expressed landmark holdings of the Supreme Court of the United States in *United States v. Hale* (1975), 422 U.S. 171, 45 L. Ed. 2d 99, 95 S. Ct. 2133, *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, and *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.

As a prophylactic means of safeguarding fifth amendment rights, *Miranda* requires that a person taken into custody be immediately informed of his right to remain silent and that anything he says may be used against him, of his right to counsel and to confer with counsel before answering any questions and to have his counsel present during any interrogation of him. Thus, the defendant's silence or his refusal to tell the arresting officer that he was the driver of the car but that he did not know the shooting was going to take place or that the passenger was going to shoot, as stated by the trial court in the case at

bar, may have been occasioned by the defendant's exercise of his *Miranda* rights. The trial court's reliance on or consideration of the defendant's declination to reveal to his arresting officers the information demanded by the learned trial judge clearly violates the mandates, holdings, meaning and spirit of *Miranda*.

The defendant in *United States v. Hale* (1975), 422 U.S. 171, 45 L. Ed. 2d 99, 95 S. Ct. 2133, was identified on the street by a robbery victim as one of the persons who had just robbed him of $96. The defendant fled, the police gave chase, arrested him and gave him his *Miranda* warnings. The defendant had $158 in his possession, and in response to the arresting officers' question of where did he get the money, the defendant remained silent. At trial, the defendant testified that he had received the money which was in his possession when he was arrested earlier that day from his estranged wife. The prosecutor asked the defendant on cross-examination if he told the arresting officers his source of the money, to which the defendant negatively responded. When asked by the prosecutor why not, the defendant stated that he didn't feel that it was necessary at the time. The trial court instructed the jury to disregard that cross-examination but refused to declare a mistrial. The defendant was convicted. The court of appeals reversed, holding that the prosecutor's questions of the defendant about his foregoing silence when he was arrested impermissibly prejudiced the defendant's defense and infringed upon his right to remain silent under *Miranda*.

The Supreme Court granted *certiorari* in *Hale* and found that the probative value of the defendant's pretrial silence was outweighed by the prejudicial impact of admitting it into evidence. The Supreme Court concluded and held in *Hale*:

> "We now conclude that the respondent's silence during police interrogation lacked significant probative value and that any reference to his silence under such circumstances carried with it an intolerably prejudicial impact.
>
> Accordingly, we hold that *** it was prejudicial error for the trial court to permit cross-examination of respondent concerning his silence during police interrogation, and we conclude, in the exercise of our supervisory authority over the lower federal courts, that Hale is entitled to a new trial." 422 U.S. at 180-81, 45 L. Ed. 2d at 107, 95 S. Ct. at 2138-39.

Justice Douglas concurred in the judgment in *Hale*, stating:

> " 'I can think of no special circumstances that would justify use of a constitutional privilege to discredit or convict a person who asserts it.' [Citation.] *** I do not accept the idea that *Miranda*

loses its force in the context of impeaching the testimony of a witness. [Citation.] In my opinion *Miranda* should be given full effect.

I also believe, as does my Brother White, that given the existence of *Miranda* due process is violated when the prosecution calls attention to the silence of the accused at the time of arrest." 422 U.S. at 182, 45 L. Ed. 2d at 108, 95 S. Ct. at 2139 (Douglas, J., concurring).

Justice White also concurred in *Hale*, on *Miranda* grounds, expressing his views as follows:

"[W]hen a person under arrest is informed, as *Miranda* requires, that he may remain silent, that anything he says may be used against him, and that he may have an attorney if he wishes, it seems to me that *it does not comport with due process to permit the prosecution during the trial to call attention to his silence at the time of arrest and to insist that because he did not speak about the facts of the case at that time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony. \*\*\** Indeed, anyone would reasonably conclude from *Miranda* warnings that this would not be the case. I would affirm on this ground." (Emphasis added.) 422 U.S. at 182-83, 45 L. Ed. 2d at 108, 95 S. Ct. 2139-40 (White, J., concurring).

Having affirmed the judgment of the court of appeals which reversed the defendant's conviction and remanded for a new trial in *Hale* on the probative value—prejudicial impact ground, the Supreme Court did not reach the broader *Miranda* constitutional due process and self-incrimination issue also presented in *Hale*. It reached these constitutional grounds, however, in *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240.

In *Doyle*, the defendants, Doyle and Wood, were charged with the sale of marijuana to a narcotics bureau informant. At their trial they testified that they were framed by the informant, that they were engaged in an unsuccessful purchase of marijuana from the informant, who, the defendants also testified, supplied the marijuana the agents recovered from the informant. The prosecutor cross-examined the defendants on their failure to tell the arresting agents the frame-up story and their trial version of the transaction when the agents arrested them. The defendants were convicted, and before the State appellate tribunal they contended that the trial court erred in allowing the prosecutor to cross-examine them on their post-arrest silence. The State appellate tribunal affirmed the defendants' convictions and, in

rejecting the defendants' contention, in specious language similar to that used by the majority herein, stated: "This was not evidence offered by the state in its case in chief as a confession by silence or as substantive evidence of guilt but rather cross examination of a witness as to why he had not told the same story earlier at his first opportunity. We find no error in this. It goes to credibility of the witness." 426 U.S. at 615-16, 49 L. Ed. 2d at 96, 96 S. Ct. 2243.

In the case at bar, it is impossible to discern on what legal theory or basis the trial judge relied and considered the defendant's refusal to tell the arresting officers that he was the driver of the car but that he did not know that the passenger was going to shoot the victim. Under the Supreme Court's holding in *Doyle*, the basis of the trial court's reliance thereon is irrelevant. Under *Doyle*, it was the trial court's reliance on the defendant's refusal to reveal anything to the arresting officer, *i.e.*, the defendant's silence, that violates constitutional due process.

In *Doyle*, the Supreme Court stated, "We granted *certiorari* to decide whether impeachment use of a defendant's post-arrest silence violates any provision of the Constitution, a question left open last term in *United States v. Hale* (1975), 422 U.S. 171 ***." (426 U.S. at 616, 49 L. Ed. 2d at 96, 96 S. Ct. at 2244.) The Court in *Doyle* identified the question before it for review and its decision on that question, as follows:

> "The question in these consolidated cases is whether a state prosecutor may seek to impeach a defendant's exculpatory story, told for the first time at trial, by cross-examining the defendant about his failure to have told the story after receiving *Miranda* warnings at the time of his arrest. We conclude that use of the defendant's post-arrest silence in this manner violates due process, and therefore reverse the convictions of both petitioners." 426 U.S. at 611, 49 L. Ed. 2d at 94, 96 S. Ct. at 2241.

The Supreme Court additionally pointed out and held in *Doyle*:

> "[W]hile it is true that the *Miranda* warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings. In such circumstances, it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial ***.
>
> We hold that the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amend-

ment." 426 U.S. at 618, 49 L. Ed. 2d at 98, 96 S. Ct. at 2245.

The officers who arrested the defendant in the case at bar did not testify at the defendant's trial, or, so far as I am able to determine from the record before us on appeal, at any other pretrial or post-trial proceedings. There were none. The defendant was not called upon during his trial testimony to relate any facts or circumstances of his arrest. An exhaustive search of the record before us on appeal does not reveal that the defendant turned himself in "after the word went on the street that the police officers were looking for him," as the trial court stated. This statement, too, by the trial court is evidentially baseless.

It is reasonable to assume that the defendant was arrested, and that in compliance with *Miranda*, the arresting officers advised the defendant of his *Miranda* warnings. Moreover, the trial court stated in denying the defendant's motion for a new trial, as previously set forth, that the defendant was arrested, and that at the time of the defendant's arrest, he did not state to the police that he was the driver of the car but did not know that the passenger was going to shoot. Thus, having premised its statement on the logical and practical assumption that the defendant was arrested, and then predicated its ruling, denying the defendant's motion for a new trial, on this assumed premise, it is therefore appropriate for me to likewise review same and pass judgment thereon, as though the defendant was arrested and properly admonished of his *Miranda* rights.

From the above and foregoing, it is clear to me that in finding the defendant guilty and in overruling the defendant's motion for a new trial, the trial court improperly relied on and considered the inappropriate facts and circumstances of the defendant's refusal to tell the officers when he was arrested that he was the driver of the car but did not know that the shooting was going to take place, or that the passenger was going to shoot. This violated the defendant's Federal and State constitutional rights to due process and his privilege against self-incrimination, and the spirit, purpose, letter, language and holdings of the United States Supreme Court noted decisions in *Miranda*, *Hale* and *Doyle*.

The majority's assessment of the trial court's foregoing comments "that it is not affirmatively apparent from the record that the trial court considered incompetent evidence" (182 Ill. App. 3d at 3) is simply the epitome of intellectual ostrichism. Moreover, the majority's statement, that the presumption that a trial judge considered only competent evidence is overcome if it affirmatively appears from the record that the improper evidence was considered by the trial judge, in

the case at bar is a meaningless shibboleth. (*Jackson v. Virginia* (1979), 443 U.S. 307, 327, 61 L. Ed. 2d 560, 579, 99 S. Ct. 2781, 2793.) The majority fallaciously concludes that because the trial court had found the defendant guilty when it uttered its comments, which reveals that the trial court wrongly considered the improper facts and circumstances that were not in evidence in finding the defendant guilty, such post-finding comments cannot be relied upon to establish that the trial judge considered what he therein said he considered in finding the defendant guilty. This reasoning is nonsensical. The majority's comment that "there was sufficient evidence outside of the court's comments to convict defendant" (182 Ill. App. 3d at 4) is totally irrelevant.

Each of these aforementioned contentions on which the majority relies in the case at bar were rejected by the supreme court in *People v. Wallenberg* (1962), 24 Ill. 2d 350, 354, in the following language, clearly and uniquely applicable to the case at bar:

> "While the evidence appearing in the record may be sufficient to establish the guilt of the defendant, the credibility of defendant and the defense of alibi were minimized and, in fact, entirely negated by the trial court's resort to personal beliefs.
>
> The rule is clear that when the trial court is the trier of the facts every presumption will be accorded that the judge considered only admissible evidence and disregarded inadmissible evidence in reaching his conclusion. [Citations.] Nevertheless the trial Judge's statement, incorporated in the record, that he had considered matters which were not in evidence necessarily rebuts this presumption. Under the circumstances there is no alternative but to reverse and remand for a new trial."

Regarding the sufficiency of the evidence, the prosecutor's complete case against the defendant was the uncorroborated single identification testimony of the victim. Although an uncorroborated single identification may be sufficient to convict, in the case at bar, however, the trial court apparently concluded that it was not, for the trial court also relied on the defendant's silence and refusal to state to the arresting officers that he was the driver but did not know that the passenger was going to shoot the victim in finding the defendant guilty and in denying the defendant's motion for a new trial. The trial court erroneously and unconstitutionally did so.

For the reasons I have stated, the defendant's conviction should be reversed and the cause should be remanded for a new trial. Accordingly, I dissent.